IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Venable Mitchell,<br><br>                      Plaintiff,<br><br>vs.<br><br>Dr. Boykin, *Dentist*; Mrs. Garcia, *formerly Ms. Broach/Dental Asst.*; Elane Miller, *Inmate Grievance Coordinator*, Tonya James, *Warden*; Catherine Amos, *Mail Clerk*; Cheri Frost; Jennifer McDuffie, *Associate Warden*; Ms. Logan, *Inmate Financial*; M. Lawrance, *General Counsel*; D. Burnham, *Dr.*; Tyrone Commander, *Associate Warden*,<br><br>                      Defendants. | C/A No. 8:23-cv-04771-JFA-JDA<br><br><br>**ORDER** |

       Plaintiff Venable Mitchell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings action against the above-named Defendants pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

       Plaintiff's Complaint was entered on the docket on October 20, 2023. (ECF No. 1). After thorough review, Magistrate Judge prepared a Report and Recommendation ("Report") and opines Defendants Miller, James, Amos, Frost, McDuffie, Logan, Lawrance, Burnham, and Commander be dismissed from this action. (ECF No. 19). Further, the Magistrate Judge recommends this action should proceed against Defendants Boykin and Garcia. *Id.* The Report sets forth, in detail, the relevant facts and standards of

law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report which was entered on the docket on November 13, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by November 27, 2023. *Id.* However, Plaintiff failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

I.     **LEGAL STANDARD**

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## II.  DISCUSSION

Plaintiff is a state prisoner in custody of the South Carolina Department of Corrections ("SCDC") and currently confined at the Ridgeland Correctional Institution. Although the Report is incorporated herein, this Court briefly summarizes Plaintiff's claims for context. Plaintiff has brought the instant § 1983 action because he claims he was denied appropriate medical care for a tooth that required extraction. Plaintiff contends Defendants have violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. For relief, Plaintiff seeks actual and punitive damages.

The Magistrate Judge recommends this Court dismiss Defendants Miller, James, Amos, Frost, McDuffie, Logan, Lawrance, Burnham, and Commander because Plaintiff has failed to allege facts against them to state a claim for relief that is plausible. As to Defendant James, Plaintiff alleges that he approved Plaintiff's request to see an outside

dentist on three occasions. *See* (ECF No. 1, pp. 1, 4, & 5). As to Defendant Commander, Plaintiff alleges he is aware of Plaintiff's situation and told Plaintiff he would arrange for him to see medical. *Id*. at 5. Plaintiff does not assert any allegations against the other Defendants. In the absence of substantive allegations, the Magistrate Judge finds it is unable to liberally construe any plausible cause of action against them. This Court agrees. In the absence of any objections to the Report, this Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, this Court adopts the Report in full. (ECF No. 19).

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Report and Recommendation (ECF No. 19) in full. Defendants Miller, James, Amos, Frost, McDuffie, Logan, Lawrance, Burnham, and Commander are dismissed, and this action remains pending against Defendants Boykin and Garcia.

**IT IS SO ORDERED**.

January 3, 2024　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　　United States District Judge